ALBANY,
Feb. 1828.

Mayell
v.
Sprague.

---

## MAYELL against SPRAGUE and DANN.

ASSUMPSIT on a promissory note. The plaintiff entered a default against the defendants for not pleading, on the 3rd of September last; and affixed a notice of assessment of damages in the clerk's office for the 19th of October, no attorney having then given notice of retainer in behalf of the defendants. September 10th, a notice of retainer was served on the agent of the plaintiff's attorney, by an attorney residing more than 40 miles distance from him. The defendants, residing more than 40 miles from the place of

Where a notice (except notice of the rule to plead) is regularly affixed in the clerk's office, it need be served on an attorney afterwards giving a notice of retainer. And if any other notice affixed be served on the attorney upon notice of retainer received, the defendant cannot object that the second notice was a short one.

ALBANY,
Feb. 1828.

. Mayell
v.
Sprague.

assessment, would have been entitled to 14 days notice on their attorney, or 28 days on his agent, admitting a notice of assessment to the attorney to be necessary. On the 22d of September, a copy of the affixed notice was served on the agent of the defendant's attorney, being a notice of but 27 days. Judgment being perfected upon this notice.

*D. Burwell,* now moved to set it aside for irregularity, citing 1 R. L. 326; 10 John. 128.

[*117]        *Dutcher* and *Harris,* contra, cited 5th rule of April term, 1796, and 13th rule of January term, 1799; *Driggs* ads. *Van Loon,* (Col. Cas. 50.)

*Curia.* It is true, according to *Driggs* ads. *Van Loon,* that where the plaintiff's attorney receives notice of retainer, all his subsequent notices must be served on the attorney; but that does not mean in cases where a notice has already been regularly served on the defendant, either personally or by affixing. An exception is created by the 13th rule of January term, 1799. The 5th rule of April term, 1796, had made service of the rule to plead valid by affixing notice in the clerk's office, where no attorney had given notice of retainer. This was found inconvenient; for though an attorney was retained, and gave notice of retainer within a short time after the return of the writ, yet a default might be taken against his client without his ever hearing of the rule against him. To remedy his defect the 13th rule of January term, 1799, professing in terms to remedy the omission, provided that though notice of the rule to plead had been affixed, yet where a notice of retainer should be afterwards received, the plaintiff's attorney should be holden to make a new service on the defendant's attorney. The latter rule admits, that without such a provision, no new service would be necessary; but it provides for no case except notice of the rule to plead. In relation to all other services by affixing, they are complete and need not be repeated. No notice, whatever, therefore, was necessary upon the defendant's attorney, or

his agent, admitting this to be a proper case for affixing, which is not disputed. Of course, the defendant's attorney cannot complain that the second notice was too short. The motion must be denied with costs.

Motion denied.